UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OMEGA HOSPITAL, LLC,**<br>        Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-779** |
| **HUMANA HEALTH BENEFIT**<br>**PLAN OF LOUISIANA, INC.,**<br>        Defendants | **SECTION: "E" (2)** |

## ORDER

This is a civil action originally filed in state court. Plaintiff alleges Defendant represented it would pay for the treatment of patient Carole P. at a certain rate. In reliance on this representation, Plaintiff rendered services. Defendant allegedly tendered payment in an amount below the represented rate.

Plaintiff subsequently filed a "Statement of Claim" in the Fifth Justice of the Peace Court, alleging "relia[nce] to its detriment upon [Defendant's] representation in providing its services." Defendant removed the action to federal court. Plaintiff has filed a motion to remand.[1]

A civil action may be removed to federal court unless expressly prohibited by another statute.[2] The principles of comity and federalism mandate strict construction of removal statutes in order to minimize encroachment on the sovereignty of state courts.[3]

---

[1] R. Doc. 6.
[2] 28 U.S.C. § 1441(a).
[3] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

Thus, "any doubt as to the propriety of removal should be resolved in favor of remand."[4] The removing party bears the burden of proving that removal is proper.[5]

Defendant contends removal was proper, because Plaintiff's state law claims are subject to complete preemption under ERISA. A state-law cause of action is completely preempted by ERISA if (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions.[6] The Court need not address the first requirement, because the second is dispositive in this case.

"ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage."[7] This is the precise claim asserted by Plaintiff. Plaintiff's rights are not "dependent on or derived from the [beneficiary's] right to recover benefits under the . . . plan."[8] Moreover, resolution does not require the court to construe the terms of the plan. Rather, the claim asserted "depend[s] wholly on the truth and legal effect of the alleged prior approval and misrepresentations by [Defendant]. As such, [Plaintiff's] direct claims are based on a legal duty that is independent of ERISA and the plan terms."[9]

Accordingly;

**IT IS ORDERED** that the Motion is **GRANTED**, and this matter is **REMANDED**.

---

[4] *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[5] *See In re DEEPWATER HORIZON*, 745 F.3d 157, 162–63 (5th Cir. 2014).
[6] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).
[7] *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc.*, 164 F.3d 952, 954 (5th Cir. 1999).
[8] *See id.* at 955.
[9] *See Ctr. for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, No. 06-9985, 2007 WL 1428717, at *5 (E.D. La. May 10, 2007).

**New Orleans, Louisiana, this 13th day of July, 2015.**

               _____
               **SUSIE MORGAN**
          **UNITED STATES DISTRICT JUDGE**